Good afternoon. May it please the court, my name is Todd Hayes representing the appellant Queen Anne Park Homeowners Association. I'd like to reserve 8 minutes for rebuttal, please. This case is of course before the court on appeal from a summary judgment order in favor of State Farm, so review is de novo and the court should construe all the facts and the summary judgment to State Farm on grounds that the association couldn't prove that its buildings were imminently falling down or falling to the ground during State Farm's policy periods. Imminently falling down was the way that the district court interpreted the word collapse in the phrase where State Farm says it covers loss to property involving collapse of a building or any part of a building caused by in this case hidden decay. Well the question is whether the Washington Supreme Court's opinion changes the legal landscape then what effect it has on this case, right? Correct. And what's your take on that? My take on that is that the court should reverse for two reasons because and the first reason is because it did change the legal landscape as you put it. In three different places in the June opinion the Supreme Court said that collapse in this case means substantial impairment of structural integrity of a building or part of a building that renders such building or part of a building unfit for its function or unsafe. Now it says it has to be more than settling and cracking but that's never been in dispute because those things are expressly excluded by the policy. That's in the first paragraph after the court restates what the question is. It's in the last paragraph before the conclusion and it's in the conclusion itself. Three different times the court said that phrase is what the court says collapse means in this case. So the first reason the court should reverse is the district court clearly applied the wrong legal standard. The district court said collapse means imminently falling down. The Washington Supreme Court said substantial impairment of structural integrity such that the building or part of the building is rendered unfit for its function or unsafe. We can debate what the addition of unfit for its function means but notwithstanding that debate it's clearly a different standard than the one that the district court applied. The district court said I'm dismissing your case because you can't prove X. The Supreme Court said you don't have to prove X you have to prove Y. There's no dispute that the two standards are different no matter how much we dispute what Y means. If we accept as we must the definition of the Washington Supreme Court you think the present record summary judgment record supports granting summary judgment in your favor? No your honor we're simply saying that it requires reversal of the district court's grant of summary judgment in favor of State Farm and we think that there should be further proceedings in the district court based on that. So you want you want the opportunity to further develop the record? We want a chance to prove our case under the what I call the Y standard using the definition. Now the only reason I say that is because I'll admit that the Supreme Court used is slightly different than what the record supports from the association's own summary judgment. This if you'll recall the summary judgment order was entered against the association in response to a show cause order by the district court before that the association had moved affirmatively for summary judgment with evidence. And that was denied and the under that record and under his definition State Farm was entitled to prevail right? Well he didn't say based on that record he said I'm not granting a summary judgment for the association because I think this the association is asking for. Oh but beyond that he said and I see no reason why I shouldn't I shouldn't grant it for State Farm. Right correct not based on the evidence though but based on the fact that his interpretation of collapse was imminently falling down. Well no it's based on the evidence because I mean there were you you had right expert declarations in evidence because there was no evidence that you know that met his definition of collapse. Right right we moved for summary judgment with a declaration that said there was substantial impairment of structural integrity but didn't address imminently falling down. So Mr. Hayes. Yes. Mr. Hayes if I could ask a question. What what evidence I guess do you have that the building structural integrity was substantially impaired by the damage? What would you present to the district court? There is a declaration at ER 122 in which Rob Dibble. Is that Mr. Dibble? Is that Mr. Dibble? Correct. Rob Dibble structural engineer says that a part of the building was in a state of substantial impairment of structural integrity because of hidden decay. And so does your case rely entirely on the declaration of Mr. Dibble and if it does is that enough and if it relies on the declaration of Mr. Dibble is that something we could do without sending it back? No your honor it does not rely exclusively on the declaration of Mr. Dibble. The point there is that the court can infer from that that we would be able to satisfy the Supreme Court's new interpretation as compared to the district court of what collapse means because if he thinks that the building is in a state of impairment then it is not even fit for its purpose. The purpose being obviously to afford structural integrity but that's not the basis for the appeal. The basis for the appeal is simply that the district court dismissed the case based on the inability to prove imminent falling down. That now has been established as the incorrect standard so the association needs to be allowed to try to prove its case again in the district court based on the correct standard of law when it wasn't allowed to do that before. What else would you materially add in any further proceedings if we remanded it to the district court can you just give me an idea that's not in the record now because I don't want this to be a futile exercise if it's clear or there's not much evidence that you have that will affect this definition. Obviously I don't want to go off the record and I was contemplating filing a supplemental declaration but I understand the court of appeals is not the place to do that. What I will say is that the association plans to approve it for its function and that that condition existed during State Farm's policy period. Does that condition still exist? Yes if it existed during the policy period then yes it still exists today. Is that part of the building been vacant for 15 years? No. And again. But isn't that kind of you know cut the legs out from under that position that the building has been still standing for 15 years and still occupied? Not at all your honor. Remember that the policy covers not just substantial impairment of structural integrity to the building as a whole but also to the part of the building. That's what I asked you is that part you're talking about is it still occupied and you said yes. No I said the building as a whole was still occupied. The part of the building that is in a state of substantial impairment of structural integrity is unfit for its function in that its function is to afford structural integrity. That's not the function. Structural integrity I mean it makes the building fit but the function is to either house people or house goods or you know be a pig pen or you know I mean that's the purpose. The purpose is not structural integrity. That's the way you get there. Well your honor I would suggest that that's an issue for the jury to decide. Oh no that's a question of law. Well it says the Supreme Court says only the part of the building has to be unfit for its function. Right. The engineer would say that the part of the building that's lacking substantial structural integrity is a shear wall that is now unfit for its purpose of affording structural integrity. If that's your position I don't think I'd even let it go to the jury. I don't think that you know meets the definition of the Washington Supreme Court. Well if you're saying a wall lacks structural integrity I don't think that the Supreme Court had a mind. Your honor but anyway. Mr. Hayes let's just let's just assume for just a moment I'm not I don't know but let's just say that it matters or the definition is not the one that you're proposing in terms of what the purpose is. Are there people or the part that you're talking about are there people in that building now today? Yes. And if you look at the Supreme Court briefing and actually the district court briefing it's very clear that one of the options before the Supreme Court was to contemplate a definition that included habitability or a definition of collapse that had something to do with whether the building as a whole was habitable or not safe or couldn't be occupied and the Supreme Court rejected that definition in favor of the more lenient standard substantial impairment of structural integrity and it's the building element not the building as a whole but the building element that has to be unfit for its function. You have about four minutes left you want to say for rebuttal? Yes please. Okay thank you. Good afternoon your honors. Can you hear me? Yes. I'm pretty short here. I'm Pamela O'Conno I'm here for Appalachia State Farm. To be entitled to coverage in this case the insured must show that direct physical loss involving collapse commenced sometime between October 1992 and October 1998 when the state farm policy was last in force. Now this court has two options it can either affirm because no reasonable jury could conclude that collapse commenced that long ago or it can do what my opponent wants you to do and that's to remand to the district court to determine whether collapse as recently defined by the Washington Supreme Court actually commenced at some point during the state farm policy period. State Farm believes that it is entitled to affirmance. Now we all know that the majority of the Washington Supreme Court has held that substantial impairment of structural integrity is a standard for collapse and the court said that this means that the building or part of a building must be so impaired that it is unfit for its function or unsafe but there must be more than mere settling, cracking, shrinking, bulging or expansion. Significantly however that's... To perform its intended function. Well the difficult... To support a part of the building. Why doesn't that meet the definition of a substantial impairment? Well because your honor on the record as it stands now there is absolutely no evidence... That's why you want the opportunity to further develop the record. Well this building has stood for 17 years now. Council concedes that there are people still living in this building. Right. If in fact that there was a material impairment of this building's ability to remain upright back in 1998, don't you think that something would be showing that looks like actual collapse by now? 17 years? On this record there is absolutely no evidence that even now this building is tilting, no evidence that it's leaning, no evidence that it's tipping, no evidence of sagging, no evidence of caving in, no evidence of deflection. Council has admitted that people are still living there. No evidence of dangerous condition. No evidence that the buildings or any part thereof require any shoring up or any other means of support. Nothing. That's as of now. Or at least as of 2011 or 2012 when the district court had this. He has to prove that it was so substantially impaired that there was material impairment to its ability to stand as of 1998. He can't do that. And that's why we think that State Farm is entitled to affirmance in this case. Because it's not doing it now. Even though he just stood right there and said that he has some possible evidence that might affect that definition. Yes, Your Honor, because I think that under these circumstances no reasonable jury would think that a building that is still standing, so far as we know, straight and true, 17 years after the fact that it was supposed to collapse, somehow collapsed in 1998 or earlier. I don't think a reasonable jury would ever come to that conclusion. And that's why I believe that my client is entitled to affirmance. And I'd like to... Excuse me. Yes, Your Honor. This was a bearing wall, huh? It was a sheer wall. Well, what's the difference between a bearing wall and a sheer wall? Well, Your Honor, I'm not quite sure, but as I understand it, a bearing wall would be a wall that resists the forces of gravity. Resists the forces of... Gravity is always working on the building and pulling down on it. A sheer wall resists lateral forces. Is this an exterior wall? I actually don't know the answer to that. Perhaps counsel can... Do you have a picture of the wall? Yes, there are pictures of the walls, although they're kind of close-up pictures, so you can't really see the entire wall that are attached, I believe, to Mr. Dibble's declaration. I mean, you can have a... For example, you can have an exterior wall and it can suffer some damage, and you won't see the damage unless you break open the wall and examine it. Correct. And... So... Sometimes it can take a while for that damage to manifest itself. Maybe, I don't know whether they have earthquakes in Washington or not. Oh, yes, we do, Your Honor. Sometimes... Well... Earthquakes are fun. Yeah, and... If they stay around less than 1.2. Now... And then you can get more forceful earthquake and the weakness is there, and then you can have a wall that collapses or bulges out. Well, Your Honor, this building has stood for at least 17 years after the state foreign policy expired, and nothing has happened to it. I think your case pretty much comes down to... It's... It would be incredible for a jury to believe that the building was in a state of partial collapse 17 years ago, and for the last 17 years it's continued to be used and occupied... Well, that's... And the collapse hasn't had any outward manifestations for 17 years. Isn't that your position? That's exactly it, Your Honor. And I'd like to also point out that the Washington Supreme Court said that they disagreed that substantial impairment of structural integrity could be interpreted so loosely as to convert an insurance policy into a maintenance agreement by allowing recovery for damage, which, while substantial, does not threaten collapse. He may be able to show that there is substantial damage. What he can't show is that it threatens collapse, at least back in 1998, because that building is still standing 17 years later and people are living in it. And for that reason, that's why I think my client is entitled to affirmance of the summary judgment. This court can affirm on any ground. So the fact that Judge Zilley used a different test, I think, is immaterial here based on the facts, the undisputed facts. Well, but I think the other issue we have, I think, as Judge McGeeh pointed out, is whether the plaintiff, I guess mostly the plaintiff, should be given the opportunity for further factual development, because what's happened in this case is there's a new definition of collapse now that applies. And factual development previously was not done with that definition in mind. Well, Your Honor, in my experience, plaintiff's attorneys in collapse cases like to tell the court that this building is as much damaged as it possibly can be. And in this case, all we have is wet gypsum board and wet and decaying gypsum board and plywood. There is nothing wrong, substantially, structurally speaking, with respect to the framing or the studs. If it's only, did you say wet gypsum boards? Wet and decayed gypsum board and plywood. Why can't you settle that? I mean, how much could that cost to repair some gypsum boards? I think you're going to have to ask my opponent here. I think part of the problem is that you have to take down parts of the building in order to repair it, is my guess. All right. Ms. Sokano, you agree, though, that the district court's definition plainly appears to conflict with what the broader definition of the Supreme Court. Yes, Your Honor, I do. Yes, that was not the, it turns out in the end that was not the correct definition. But I think it doesn't matter in this case because the damage now, 17 years later, doesn't come close to showing material impairment to the building's ability to stand. It's still standing 17 years later and people are living in it. I understand. Thank you. Okay. Anything else? Nope. If you have no other questions, thank you. Please affirm. All right. I think plaintiffs have reserved about four minutes for rebuttal, right? Yeah, it looks like 355, Your Honor. I think in a way the fact that we submitted a declaration of Mr. Dibble in support of an earlier summary judgment motion is kind of throwing this off. If that declaration didn't exist, we would be standing here having had our case dismissed on summary judgment based on a standard that has now been rejected. This court has routinely said that when a district court applies the wrong legal standard and then dismisses a case on summary judgment based on that legal standard, that reversal and remand is the appropriate remedy. Ah Quinn v. County of Kauai. Well, you know, unless it would be futile. And here's the problem with this case. I am repeating, and I think Judge McGeer mentioned the same thing, is the problem is it's almost incredible to believe. It's almost impossible to believe that the building was in a state of collapse 17 years ago and people continue to live in it for the last 17 years, you know, continue to use the building, building still standing. I mean, it's hard to believe. It depends on what you mean by the word collapse. Council has said the building is not tilting, shrinking. Well, we're obviously going to follow this, you know, Washington Supreme Court definition, right? Right. Substantial impairment. Correct. How can that be if the building is still standing 17 years later? Because an engineer will tell you that it can be substantially impaired. But if it's standing for 17 years, it can't be that impaired. I mean, impairment means, you know, it's not working anymore. But the building's still standing. But that's exactly what an engineer will tell you, that this particular wall's structural integrity was substantially impaired. No, you don't want to impair substantial integrity. The loss of substantial integrity may impair, you know, something about the building, but that is not something that's impaired. Your Honor, if the rule required that the building be imminently falling down such that it would be falling down now after 17 years. That's not it. 17 years is not imminent. That's like forever. If the Supreme Court wanted the building to have to have fallen down to the ground now as evidence that it was substantially structurally impaired back during the policy period, they would have adopted the same standard that Judge Zille adopted, imminently falling down. But even the standard, Mr. Hazen. What is there about that building, that wall that's impaired, that you can specifically tell us about? I mean, is it an outside wall? The report is in the record. My point is that we were not... You know, you just tell me what it is. Is it an outside wall? My recollection is it is an outside wall, and it is substantially impaired because it serves the purpose of providing lateral stability and doesn't have that anymore. But more importantly, we weren't allowed to explain that record because that was not the issue, according to Judge Zille. The only issue, according to Judge Zille, was was it imminently falling down during the policy period. So, again, there is some material in the record, but that's not the issue. The issue is we never got a chance to put in evidence to satisfy the Supreme Court standard. Have you had any engineer go to the building, figure out what the wall is, and come up with an opinion as to the wall's condition? Yes, Your Honor. At ER 122 and 121, there's a report from a structural engineer saying that the sheer walls provide structural integrity and that the structural integrity of that part of the building, remember the policy covers not just collapse of the building as a whole, but collapse of part of the building, that that structural integrity is substantially impaired. What do you mean by the sheer wall? It's a particular wall, the structural purpose of which is to provide lateral integrity to the building, to keep it standing during an earthquake or during a windstorm. So, again... I don't know whether we're talking about an outside wall or an interior wall. My recollection is it's an outside wall, so it's the outside sheathing portion of an outside wall behind the building's siding. Mr. Hayes, I guess along the lines of what Judge Tashima was asking you about, I fully appreciate that the district judge had a definition for collapse that's different from what the Supreme Court has now given, but the Supreme Court's definition of collapse is substantial impairment of structural integrity of a building or part of a building that renders such a building or part of a building unfit for its function or unsafe. So, even though it didn't adopt the imminent falling down, it certainly seems to acknowledge that it has to be at a point of risk of collapse. I guess I'm just trying to figure out, based on the record here before us, would any jury, even if you added to it the record, be able to come to that determination that you're asking for in light of the fact, just some plain observations that are part of the record, that it's still standing at this time and inhabited and having people in it? So, that's what I'm struggling with. I think that's what maybe Judge Tashima is struggling with as well. I'm struggling with it too. Would that be futile then, even knowing what the definition is and in light of all the evidence that's in the record now?  Would you like me to respond to that? Sure. You used the word collapse and you said it seems like the court was asking for some sort of imminently collapsing. Again, the issue before the court was what does the word collapse mean? If by that you mean that the court thought there had to be imminently falling down, well, that's clearly not true because that was the standard. That's what the district court said, that it had to be imminent falling down. I understand what the difference was, but still the broader definition that you got, I guess successful, but even though you got a broader definition from the Washington Supreme Court, does that materially affect the outcome here? Absolutely, and that is because if an engineer, as is already in the record, thinks that a particular portion of the building is substantially structurally impaired and the purpose of that part of the building, again, if you look at the definition that the Supreme Court adopted, it simply said that the part of the building has to be unfit for that part of the building's function. And if its function is to afford structural integrity and the engineer says it's unfit for that function, then it's in a state of collapse, according to the Washington Supreme Court. And it has nothing to do with whether the building is safe for habitation. Well, safe is an option. In other words, people have been living adjacent to that sheer wall. Correct. Is that right? That's correct, but if you look at the definition they adopted, it says unfit for its function or unsafe if safety were a requirement for us to prove it would render the phrase unfit for its function superfluous. But its function, you're saying... So is it unsafe for them to be living there now? Again, we weren't allowed to address this record, but... Well, I mean, apparently you don't think so because you've been renting it. Your client has. Well, to be honest, I haven't checked with them in the last year whether people are still living there, but I'm assuming that they are. I'm also assuming... You come to court, you ought to be ready to answer questions like that, don't you think? Well, Your Honor, my assumption is that I'm supposed to answer questions based on what's in the record. And what's in the record is that the district court dismissed our case based on standard X. The Supreme Court says that's the wrong standard. The standard is supposed to be Y. And if you look at what is by chance already in the record, that evidence shows that a jury can conclude that the building was substantially structurally impaired, part of it, and that that part of the building is unfit for its intended purpose. All right. Well, I think we get your position, right? Thank you. Thank you, Mr. Hayes, and thank you, Ms. O'Connell. Thank you. We can be in recess now. I have to consult my panel because Judge Pregerson is a presiding judge. We can be in recess now, right, and we'll convene for our post-argument conference? Sure. Okay, good. Thank you, Your Honor. Thank you to both counsels. We stand adjourned at this time.
judges: Pregerson, Tashima, Murguia